PEOPLE v THEISEN

1. Criminal Law—Admissions—Silence.

Silence by the accused in the face of an accusation is not deemed an admission or confession in a criminal case.

2. Criminal Law—Inferences—Silence—Laughter.

The prosecutor may not imply guilt because the defendant laughed when the police officers told him he was under arrest on charges of persuading a female to become a prostitute.

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 April 7, 1972, at Grand Rapids. (Docket No. 12620.) Decided June 2, 1972.

Jack Theisen was convicted of pandering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *Donald E. Zerial,* Appellate Attorney, for the people.

*Miller, Johnson, Snell & Cummiskey (by Henry L. Guikema),* for defendant.

Before: T. M. Burns, P. J., and Holbrook and Borradaile,* JJ.

Per Curiam. Defendant was charged with per-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 633–637.

[2] 29 Am Jur 2d, Evidence §§ 615, 640, 641.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

suading a female person to become a prostitute contrary to MCLA 750.455; MSA 28.710. A jury found him guilty of that charge on June 16, 1961, and defendant was sentenced to a term of 5 to 20 years imprisonment. This Court granted leave to appeal on October 29, 1971.

At trial, three police officers were called to the stand by the prosecution and were questioned concerning the defendant's explanation or lack of explanation in regard to the charge against him. Each of the three officers indicated that defendant did not explain or attempt to explain the circumstances of the crime with which he was charged immediately after his arrest. The officers testified that in response to their questions, the defendant merely laughed and shrugged his shoulders. The defendant was also asked what he told the officers when they told him that he was under arrest. The defendant answered that he "busted out laughing" because he thought the charges were funny. Finally, in his closing argument to the jury, the prosecuting attorney stated:

"What is the next significant thing? If you or I were charged with something, and somebody comes up with something, and says I am charging you with running a red light, or I am charging you with breaking and entering, or something, wouldn't it be natural for you to say, 'Where, when—well, I didn't do that. You must be mistaken. This can't be me,' or, 'I was somewhere else during this time,' or, 'I was with my friend, Jim' but when they charged him with that, they say, 'Look, we have a warrant [for] your arrest for persuading this girl to become a prostitute,' he laughed. He doesn't explain anything. He is just laughing. This is a very funny thing. Then, on the witness stand, I asked him certain questions, and I asked him why he laughed, and he said, well, this whole thing was very funny."

Defendant contends that the above line of ques-

tioning along with the prosecutor's comments deprived him of his privilege against self-incrimination. We agree. In *People v Bigge,* 288 Mich 417, 420 (1939), the prosecutor made a similar remark to the one in the instant case in his opening statement. The Supreme Court reversed despite the fact that there had been no proper objection to the statement nor any request for an instruction on the part of the defendant.

"The time has not yet come when an accused must cock his ear to hear every damaging allegation against him and, if not denied by him, have the statement and his silence accepted as evidence of guilt. There can be no such thing as confession of guilt by silence in or out of court. The unanswered allegation by another of the guilt of a defendant is no confession of guilt on the part of a defendant. Defendant, if he heard the statement, was not morally or legally called upon to make denial or suffer his failure to do so to stand as evidence of his guilt. He said nothing, and what was said in his presence by another was inadmissible, just as the court later held."

Consequently, at the time of the defendant's trial in the instant case, it was impermissible to infer guilt because the defendant did not answer an out-of-court allegation by another; an accused's silence in the face of an accusation is not deemed an admission or confession in a criminal case. *People v Gisondi,* 9 Mich App 289 (1967). The cause is, therefore, reversed and remanded for a new trial.